[No. 1440.]

## A. LIVINGSTON, APPELLANT, v. JOHN WAGNER, RESPONDENT.

SALE—ACTION FOR AGREED PRICE—EVIDENCE OF TRUE VALUE COMPETENT.—
In an action for the price of goods, the plaintiff having alleged an agreed price, it is competent for him to prove the value of the goods, notwithstanding this allegation, and their reasonable value, not exceeding the price alleged, may be recovered.

FINDINGS OUTSIDE OF PLEADINGS, NUGATORY.—Where a complaint alleges a sale and delivery of goods for an agreed price of $2,000 and the answer denies that the value was greater than $500, but does not deny the sale and delivery, a finding of no sale is outside of the pleadings and is nugatory.

ATTORNEY AND CLIENT—COMMUNICATIONS WHEN NOT PRIVILEGED—Communications by parties to an attorney acting professionally for all parties in the same transaction are not, as between them, privileged.

APPEAL from the District Court of the State of Nevada, Ormsby county; *C. E. Mack*, District Judge:

Action by A. Livingston against John Wagner for the purchase price of goods. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed.

The facts sufficiently appear in the opinion.

*Trenmor Coffin*, for Appellant:

I. Both complaint and answer alleged a sale of the goods from Stein Bros. to Wagner. Each party to the suit was estopped by his pleading from proving a different state of facts from what he has alleged. No finding or judgment can stand which is not within the issues made by the pleadings.

II. A judgment must accord with and be sustained by the pleadings of the party in whose favor it is rendered, and no court, jury or referee has any authority to find a fact or draw therefrom a legal conclusion which is outside of the issues. (*Marshall* v. *Golden Fleece Mg. Co.*, 16 Nev. 136, 173, *et seq.*, and authorities cited; *Frevert* v. *Henry*, 14 Nev. 191–4; *Swan* v. *Smith*, 13 Nev. 257–60; Bliss on Code Pl., secs. 135, 138; *Boggs* v. *Merced Mg. Co.*, 14 Cal. 356; *Backman* v. *Supelveda*, 39 Cal. 688.)

III. Both complaint and answer having alleged a sale of the goods, the court's original finding No. 3, and the latter

part of the second additional finding, were and are nullities, and should be disregarded. (*Swan* v. *Smith*, 13 Nev. 257–60; *Backman* v. *Supelveda*, 39 Cal. 688–9.)

IV. Plaintiff requested and the court made additional findings in which it was found that $500 paid by Wagner was not in full for all the goods, and that the goods were worth $1,500. The sale of the goods and the payment of $500 thereon is established by the pleadings; the value of the goods is found by the court to be $1,500, which would leave $1,000 due. Upon this record the judgment of dismissal should be reversed and the district court instructed to enter a judgment in favor of plaintiff for $1,000 and costs.

V. The rulings of the court in allowing Mr. Torreyson to testify were error. (*Gruber* v. *Baker*, 20 Nev. 453, 463, and authorities cited.)

*Torreyson & Summerfield*, for Respondent:

I. Plaintiff proved a different state of facts from that alleged in his complaint; defendant met this state of facts, and because the court found the facts as he proved them, he now complains that the judgment of the court is not in accordance with the pleadings and is therefore erroneous and void.

II. The rule of law is that it is the duty of the court in the absence of objections to the sufficiency of the complaint to give the plaintiff the benefit of any cause of action established by the evidence, and a refusal by it to direct the jury to find in accordance with the case made by such evidence would be error. (*Cowing* v. *Altman*, 79 N. Y. 167; *Knapp* v. *Simon*, 98 N. Y. 284; *Fallon* v. *Lawlor*, 102 N. Y. 228.)

III. The plaintiff himself proved there was no sale and that he had no cause of action under the pleadings. A variance may require a dismissal of the action or in proper cases an amendment may be allowed. When the plaintiff proves a contract essentially different from the one declared on, the defendant is entitled to a non-suit on the ground of variance. (*Johnson* v. *Moss*, 45 Cal. 515.)

IV. Variances are no longer to be determined upon the inconsistency between the pleadings and the evidence, but solely by a proof by affidavit or otherwise that the party has

been actually misled to his prejudice in maintaining his action or defense upon the merits by the incorrect version of the facts given in the pleading of his adversary. (Bay. on Code Pleading, 327.)

V.   A variance between the proof on the trial and the allegations in the pleading shall be disregarded as immaterial unless the court be satisfied that the adverse party has been misled, to his prejudice thereby. (Boone on Code Pl., secs. 214, 215, and note; *Dodd* v. *Denny*, 6 Or. 153, 158; *Short* v. *McRae*, 4 Minn. 119; *Bank* v. *Wills*, 79 Mo. 275; *Place* v. *Minister*, 65 N. Y. 104; *Catlin* v. *Gunter*, 11 N. Y. 372; *Dunn* v. *Durant*, 9 Daly (N. Y.), 339, 391.)

VI.   The rule announced in *Gruber* v. *Baker* is not applicable to the facts in this case. The witness Torreyson was only corroborating what Livingston and Stein said.

By the Court, BONNIFIELD, J.:

The plaintiff by his complaint alleges:   *   *   *   " That on or about said May 17, 1894, said Stein Bros. at the special instance and request of defendant, John Wagner, sold and delivered to said defendant certain lot of goods, wares and merchandise (describing them) at the agreed price of two thousand dollars; that said goods, wares and merchandise above mentioned were reasonably worth the sum of two thousand dollars; that at the time said goods, wares and merchandise were sold to defendant by said Stein Bros. said defendant paid therefor and on account thereof the sum of five hundred dollars and no more," and plaintiff prays judgment against said defendant for the sum of $1,500 and costs of suit.

The defendant by his answer denies and alleges as folfows:   *   *   *   " Defendant further answering denies: That on or about the 17th of May, 1894, or at any other time or place, or at all, said Stein Bros. at the special instance and request of defendant, or otherwise, sold and delivered to defendant a certain lot of goods, wares and merchandise (describing the goods as described in the complaint), at the agreed price of $2,000, or any other sum, except as hereinafter specifically alleged.   Denies that said goods, wares or merchandise were reasonably worth the sum of $2,000, or

any other or greater sum than the sum of $500; but on the contrary defendant alleges that he purchased on the 17th day of May, 1894, from Stein Bros. a certain lot of goods, wares, and merchandise consisting of (describing the goods), for the sum and price of $500, and that upon said last mentioned day said goods, wares and merchandise * * * were sold and delivered to defendant by said Stein Bros., and defendant paid said Stein Bros. the said sum of $500 for said goods, wares and merchandise, and upon said last mentioned day said property was deliivered by said Stein Bros. to defendant, and defendant took actual possession of the same, and ever since said date has been and now is the legal owner and holder thereof. Defendant denies that at the time said goods, wares and merchandise were sold to defendant by said Stein Bros. he paid to said Stein Bros. on account thereof the sum of $500, but on the contrary avers that the said sum of $500 was paid to said Stein Bros. by defendant in full payment and settlement for all of said goods, wares and merchandise as hereinbefore set out, and sold by said Stein Bros. to said defendant," and he "prays judgment for his costs and that he be dismissed."

The court dismissed the action and gave the defendant judgment for his costs. The plaintiff moved for a new trial on the grounds:

" 1. Insufficiency of the evidence to justify the decision and findings and judgment of the court, and that said decision and judgment are against law.

" 2. Errors in law occurring at the trial and excepted to by the plaintiff."

The motion was denied, and this appeal is from the judgment and the order denying a new trial.

The court, in its findings of fact, found:

" 3. That there was no sale of the property mentioned in said complaint by Stein Bros. to the defendant for the sum of $2,000, or for any sum of money whatever." It also found: " That the value of the goods and property mentioned and described in the pleadings and in the bill of sale was $1,500 at the date of said bill of sale, and is now of said value."

What the rights are of the respective parties under the original agreement and transaction between Stein Bros. and

the defendant concerning said goods, we are not called upon to determine on this appeal. From the pleadings, as they now stand, we consider that the parties have mutually abandoned or rescinded said agreement as to the objects or purposes of the transfer of the title and possession of said goods to the defendant, and have elected to consider and treat the transaction as an absolute sale and delivery of the goods. The action was brought by the plaintiff upon such theory, and the defendant, by his answer, based his defense upon the same theory. By the testimony of the parties themselves it was shown that no price was agreed on. Then the case stood simply as an action to recover the value of the goods sold and delivered. It is true the plaintiff alleged an agreed price; but notwithstanding this allegation it was competent for him to prove the value of the goods.

" Under an allegation of an agreed price, if there is a failure to prove the agreement as to price, evidence of value is competent for the purpose of a recovery of what the article was fairly worth, but not to sustain a recovery beyond the amount alleged." (Abbott's Trial Evidence, 306; *Sussdorff* v. *Smidt,* 55 N. Y. 319; *Trimble* v. *Stillwell,* 4 E. D. Smith, 512.)

The complaint states a good cause of action to recover the reasonable value of goods sold and delivered to the defendant at his special instance and request independently of the allegation of an agreed price. This allegation cuts no figure in the case, except to prevent a recovery for any greater sum than the price alleged.

The finding of the court that there was no sale of the goods made to the defendant is finding against the pleadings; finding a fact not in issue and is therefore nugatory. The sale and delivery of the goods are alleged in the complaint and not denied by the answer. The value of the goods is alleged to be $2,000, a greater value than $500 is denied.

After it was shown that there was no agreed price the only question to be determined was as to the value of the goods. On this issue the court found in favor of the plaintiff, that the value was $1,500, but gave the defendant judgment for his costs. The judgment is manifestly against law.

Counsel for plaintiff objected to General Torreyson's testi-

fying to the negotiations between Stein Bros. and the defendant in the matter of the transfer of the title and possession of the goods in question by Stein Bros. to the defendant, on the ground that Mr. Torreyson was employed by Stein Bros. in the transaction.

The court, after hearing evidence on the matter of employment, found that Mr. Torreyson was acting as legal advisor of both parties in the transaction had between them, and overruled the objection, to which ruling the plaintiff excepted. We are of opinion that the evidence fully supports the conclusion of the court, and that Mr. Torreyson was a competent witness as to the matters to which he testified.

" The authorities are abundant and harmonious on the question, for it is agreed on every hand that communications made to one who is acting (as attorney) for both parties are competent and cannot be considered as privileged." (*Hanlon* v. *Doherty*, 109 Ind. 44, and citations.)

" Where an attorney at law acts in his professional capacity for several parties in the same transaction, he can, as between the parties themselves, testify to all that was said and done." (*Michael* v. *Foil*, 100 N. C. 178.)

"When a lawyer acts as the common attorney of two parties their communications to him are privileged as far as concerns strangers, but as to themselves they stand on the same footing as to the lawyer and either can compel him to testify against the other as to their negotiations." (*In re Bauer*, 79 Cal. 304.)

The judgment and order appealed from are reversed and new trial granted.