BEIRÓ ET AL., PLAINTIFFS AND APPELLANTS, *v.* ROVIRA BROTHERS, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Ejectment.

No. 1667.—Decided December 23, 1918.

EJECTMENT — DIFFERENCES IN ACREAGE — TITLE DEED. — The mere fact that the sum total of all the acreage owned in separate tracts by a defendant ex-ceeds by a few acres the total amount called for by his title papers, while the total area of the different properties owned by a plaintiff happens to be somewhat less than appears from the face of his title deed, can hardly justify the taking from said defendant of so much of such excess as may be required to make good, in the aggregate, the shortage of the plaintiff.

ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.—Where two or more per-sons employ the same attorney in the same business, their communications with the attorney in relation to such business are not privileged *inter sese,* even though the interests of such persons are adverse to each other, where the disclosures were made in the presence and hearing of all concerned or were intended for the information of all.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellants.

*Mr. Tomás Bernardini* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiffs claim to be the owners of a parcel of 45 *cuerdas* of land and allege that in 1905 the predecessor in interest of defendants seized and remained in possession of a portion thereof amounting to 11.29 *cuerdas* without right or title thereto, annexing the same to certain adjoining property then owned by such predecessor in interest and now by defendants.

After divers denials, defendants, among other things, set

up in detail the history of the several tracts owned by plaintiffs and defendants respectively, outlined at some length certain efforts made and proceedings had in 1905 with a view to compromise and settlement of the present controversy and later, by way of amendment, pleaded the thirty years statute of limitation.

Before the day set for trial, plaintiffs, in a motion based on section 314 of the Law of Civil Procedure, asked for an order directing defendants to permit plaintiffs to copy certain plats and certificates of survey which plaintiffs averred would show—

"1st. That there is an error as to the eastern boundary of defendants' property referred to in the 3rd paragraph of the amended complaint, the property never having been bounded by Lugo Viñas on this side, as defendants claim, but instead by Succession Poventud, now by the property of the plaintiff described in the 1st paragraph of the aforesaid amended complaint.

"2nd. That due to the seizure by defendants of the property of 11,041 acres, referred to in the 2nd paragraph of said amended complaint, the property of 45 acres belonging to the plaintiff and set forth in the 1st paragraph of said amended complaint has been deprived of its northern boundary, formerly Florencio Capó, today the Succession of Juan Ignacio Capó.

"3rd. That when José Mariano Capó sold to Francisco Rovira Tomás the property which in the deed No. 7, of June 24, 1905, appears as containing 51 acres and to which the said property of 11.41 acres was annexed as shown in the 3rd paragraph of the amended complaint such number of acres did not exist; but that the property of 51 acres appears from said documents and certificates of survey as containing 11 or 12 acres less, the purchaser binding himself to submit to and be governed by the same."

Defendants, in answer and opposition to this motion, insisted that these documents already had been delivered by them to plaintiffs, and the court, after hearing testimony pro and contra, ordered defendants to exhibit the plats in question within three days, with the admonition that unless this was done plaintiffs would be allowed to introduce secondary evidence.

At the trial a prominent lawyer to whom, as attorney for both parties, all papers and documents including these plats had been submitted in 1905 for his examination and advice with a view to avoiding litigation, was not permitted to testify in regard to the missing papers on the ground that the information so acquired by him was privileged.

The testimony of one of the plaintiffs along the lines indicated in the motion for inspection was contradicted by that of one of the defendants, and the trial judge evades the issue on this point with the bald statement that these plans were not introduced in evidence.

That the court below did not misconceive the nature of the question involved is self-evident from its own statement that "the issue as made is whether the parcel of 11.41 *cuerdas* belongs to the property of 52 *cuerdas* owned by defendants or to the portion of 45 *cuerdas* that was allotted to the predecessor in interest of plaintiffs in the partition of the estate of Francisco Rovira Pujols."

When defendants offered in evidence a certain memorandum agreement in the nature of a compromise, or at least stipulating certain terms intended to form the basis of a compromise, counsel for plaintiff stated that if the purpose was to show an estoppel objection would be made, otherwise not. The court observed that there was no allegation sufficient to justify the admission of evidence for that purpose, and the defense apparently acquiescing in that view, the document was admitted without objection.

The findings, which are largely a mere outline of the evidence adduced at the trial, contain a reference to this agreement and dividing line run pursuant thereto, but the court was unable to determine "by reason of the contradictory character of the evidence" the exact location of the line so drawn.

As the court also held in the course of its "decision" that plaintiffs were not estopped by this agreement, the matter does not seem to be important at this time. It is true defend-

ants insist that the district court proceeded upon a false prem-ise as to this feature of the case and defendants cheerfully concede error in the grounds assigned for the conclusion so reached, but insist that the ruling itself was correct for other reasons. There seems to be no very vigorous opposition to this view of the matter and in the circumstances the question may as well be left as it stands.

The court below also found that according to certain surveys "the parcel of 11.41 *cuerdas* sought to be recovered is within the plan of the property belonging to Francisco Rovira" and the defendants insist that to be consistent with this "finding" the action should be dismissed. They likewise rely on this "finding" in connection with certain documentary evidence to support the contention that judgment should have been rendered in their favor on the theory of acquisition of title by prescription. But the court also found that according to certain recitals contained in some of the earlier deeds in defendants' chain of title, the title papers call for a total greater than the actual number of *cuerdas* conveyed, reference being made therein to the plats of surveyors Verges and Boucher for determination of the true area. And this summary of the evidence in narrative form concludes with the statement that the trial judge was unable to determine from the evidence "by reason of the contradictions existing therein" either the exact location of the dividing line between the property of plaintiffs and that of defendants or the amount of damages caused by defendants to plaintiffs through possession of the land belonging to the latter.

The court below, finding itself in this dilemma, instead of attempting to pass upon the issue submitted by the parties, proceeds as follows:

"As a summary of this evidence we find that Beiro and his children according to their titles are entitled to a property of 71 acres and Rovira Brothers to one of 41.486 acres, and, taking as a basis the survey made by engineer Texidor, the properties belonging to the parties give the following results: that of plaintiffs 67.012

acres; that of defendants 47.080 acres, that is the land today in possession of the parties; that said items make a total of 114.092 acres. Delivering, therefore, to the plaintiffs the full amount of the 71 acres of which according to their titles they are the owners, there would remain a balance of 43.092 acres, or 1.606 acres over the amount called for by defendants' title, which surplus undoubtedly is contained in certain lots sold by José Mariano Capó, the area of which has not been determined.

"According to defendants' plans, their property contains 47.080 acres and adding the total called for by their titles they are entitled to 41.486 acres only. There is no doubt whatever that the said defendants are in possession of 5.594 acres more than according to their title papers belong to them, and that, therefore, they have under their control and possession the 3.988 acres of which plaintiff is short."

Judgment was rendered for "a parcel of land consisting of 3.988 acres lying on the western boundary of plaintiffs' property and on the eastern side of defendants' property and alongside their boundary, the said 3.988 acres completing the 71 acres called for by plaintiffs' title and which were allotted to them in the division and partition of the estate left by Francisco Rovira Pujols at his death; the complaint being dismissed for insufficiency of the evidence so far as damages are concerned, because the court is unable to determine the amount of rents and profits received by said defendants during the time they have been in possession of the said property, defendants to pay the costs and disbursements."

As the natural result of this judgment, both parties appealed.

Inasmuch as a new trial may develop a somewhat different situation, we need not now determine the various questions suggested by the parties, nor shall we express any opinion on the facts. It will suffice to say that (assuming the arithmetic of the trial judge to be sound, a point warmly contested by plaintiffs) the mere fact that the sum total of all the acreage owned in separate tracts by defendants exceeds by a few acres the total amount called for by their title papers, while

the total area of the different properties owned by plaintiffs happens to be somewhat less than appears from the face of their deeds, can hardly justify the taking from defendants of so much of such excess as may be required to make good, in the aggregate, the shortage of plaintiffs. It is conceivable that further development of the case, establishing facts not now in evidence, might furnish more tenable ground for a somewhat similar result, but the record before us discloses no tangible basis for the judgment rendered. A like question was argued and decided in *Gual* v. *Andújar*, 25 P. R. R. 843.

But for the exclusion of the testimony of the attorney who had examined the missing plats made by surveyors Verges and Boucher, we might follow the course adopted in *Pillot* v. *Domínguez*, 24 P. R. R. 601, where the same trial court wholly failed to determine the issue below, and dispose of this case upon its merits.

It is quite evident, however, that the testimony of this witness might throw much light on what seems to be the crux of the whole controversy and thus aid the district court in arriving at a more definite conclusion. And it is equally clear that the court erred in excluding this evidence.

Here, the attorney in question was commissioned by his client, now one of the plaintiffs, to take up the matter with Rovira Brothers, now defendants herein, and thereafter both parties delivered to such attorney all their papers, deeds and documents, including the missing plats, for his examination and advice with a view to the amicable adjustment, if possible, of a family dispute. One of the defendants himself testifies that at least on one occasion these plats had been freely exhibited and discussed in the presence of Beiro, senior, as well as that of his attorney and other persons, and the whole record shows that, up to the time of the trial, these plats had never been regarded or treated as confidential.

Taking the view most favorable to defendants, that the proposed witness, as stated by him, was acting at the time the plans were submitted to him as counsel for both parties

and not for Beiro alone, who first sought his services, yet the communication was not privileged.

"Where two or more persons employ the same attorney in the same business, their communications with the attorney in relation to such business are not privileged *inter sese,* even though the interests of such persons are adverse to each other, where the disclosures were made in the presence and hearing of all concerned or were intended for the information of all." 40 Cyc. 2368.

See also IV Wigmore, 3235, sec. 2312; *Harris* v. *Harris,* 136 Cal. 379; *Cady* v. *Walker,* 28 N. W. 805; *Livingston* v. *Wagner,* 42 Pac. 290; *Shove* v. *Martini,* 88 N. W. 254; *Thompson* v. *Cushman,* 181 Mass. 36; *Doheny* v. *Lacy,* 61 N. E. 255; *Halcy* v. *Eureka Co. Bank,* 26 Pac. 64.

Because of the error committed in excluding this testimony, the judgment appealed from must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.