BEIRÓ, DEMANDANTE Y APELANTE, v. ROVIRA HERMANOS, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre reivindicación.

No. 1667.—Resuelto en diciembre 23, 1918.

REIVINDICACIÓN—CABIDA SUPERFICIAL DE LAS FINCAS DE LOS LITIGANTES DISTINTA DE LA QUE DEMUESTRAN SUS TÍTULOS.—El mero hecho de que la suma total de toda la cabida superficial que pertenece en separadas fracciones de terreno a un demandado exceda en pocas cuerdas del montante total que arroja su título, mientras que la cabida total de los diversos predios pertenecientes a un demandante resulte ser algo menor de la que aparece de la faz de su título, difícilmente puede justificar el privar a dicho demandado de semejante exceso, para completar con la parte agregada lo que falta al demandante.

Testigos—Admisión de Pruebas—Testimonio de un Abogado que ha Exami-
nado los Planos a Solicitud de Ambas Partes—Comunicaciones Privi-
legiadas.—Cuando dos o más personas emplean al mismo abogado en el mismo
negocio, sus comunicaciones con el abogado en relación a dicho negocio no
son privilegiadas *inter sese*, aun cuando los intereses de esas personas sean di-
versos entre sí, siempre que las revelaciones se hicieren a presencia y audien-
cia de todos los interesados o se hubieren hecho para información de todos.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. José C. Ramos.*

Abogado de los demandados: *Sr. Tomás Bernardini.*

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

Los demandantes pretenden ser los dueños de una parcela
de terreno compuesta de 45 cuerdas y alegan que en 1905 el
causante de los demandados se apoderó y permaneció en po-
sesión de una fracción de la misma, montante a 11.29 cuerdas,
sin derecho o título a la misma, anexando dicha fracción de
terreno a una finca entonces de la propiedad de dicho cau-
sante y hoy de los demandados.

Después de hacer diversas negativas expusieron los de-
mandados, entre otras cosas, la historia detallada de las dis-
tintas fracciones de terreno propiedad de los demandantes,
y los demandados respectivamente bosquejaron con alguna
extensión los esfuerzos que se hicieron y los procedimientos
que tuvieron lugar en 1905 para arreglar y transigir la pre-
sente controversia, y posteriormente, por vía de enmienda,
alegaron la prescripción extraordinaria de treinta años.

Antes del día señalado para la celebración del juicio, los
demandantes, basados en el artículo 314 del Código de En-
juiciamiento Civil, presentaron una moción pidiendo se or-
denase que por los demandados se les permitiese a los deman-
dantes copiar unos planos y certificados de mensura que,
según los demandantes, demostrarían:

"1. Que existe un error en cuanto a la colindancia este de la
finca propiedad de los demandados, mencionada en el hecho ter-
cero de la demanda enmendada del demandante, la que nunca co-
lindó por esta colindancia con Lugo Viñas, según ellos pretenden,

y sí con la Sucesión Poventud, hoy con la finca del demandante des-crita en el hecho primero del escrito de demanda enmendada, antes-referido.

"2. Que los demandados con la ocupación del predio de 11 cuerdas con 41 céntimas descrito en el hecho segundo de dicha demanda enmendada han privado a la finca de 45 cuerdas propiedad del demandante, descrita en el hecho primero de dicha demanda enmendada, de su colindancia del norte que era la de don Florencio Capó, hoy Sucesión de don Juan Ignacio Capó.

"3. Que al tiempo de vender don José Mariano Capó a don Francisco Rovira Tomás la finca que aparece como de 51 cuerdas en la escritura número 7 de 24 de junio de 1905, a la cual fué segregado el predio de 11 cuerdas con 41 centavos, antes referido, según aparece del hecho tercero de la demanda enmendada, no existía tal número de cuerdas sino que dicha finca de 51 cuerdas aparece de dichos documentos y certificaciones de mensuras, referidos, como de 11 a 12 cuerdas menos y por ello se obligó a estar y pasar el comprador.''

Los demandados, en contestación y oposición a esta moción, insistieron en que estos documentos ya estaban en poder de los demandantes, y la corte, después de oir el testimonio aducido en pro y en contra, ordenó a los demandados a que exhibiesen los planos en cuestión dentro de tres días, con la amonestación de que, a menos que así se hiciere, se les permitiría a los demandantes introducir prueba secundaria.

En el juicio, a un prominente letrado a quien, como abogado de ambas partes, se le habían sometido en 1905 para su examen y consejo, con miras a evitar litigios, todos los papeles y documentos junto con estos planos, no se le permitió declarar con relación a los extraviados documentos, por el fundamento de que la información que por su conducto se adquiriese sería privilegiada.

El testimonio de uno de los demandantes en el sentido indicado en la moción de inspección la contradijo uno de los demandados, y el juez sentenciador evade la cuestión levantada sobre este punto con la nuda manifestación de que no se introdujeron estos planos como prueba.

Que la corte inferior no se equivocó en cuanto a la naturaleza de la cuestión envuelta se evidencia por su propia manifestación de que ''la cuestión, tal cual queda planteada, es si la parcela de terreno de 11 cuerdas y 41 céntimos de otra pertenece a la finca de 52 cuerdas correspondiente a los demandados, o a la porción de 45 cuerdas que le fueron adjudicadas a la causante de los demandantes en la partición y división de bienes de don Francisco Rovira Pujols.''

Cuando los demandados ofrecieron en prueba cierto memorándum de convenio de la naturaleza de una transacción, o en el que cuando menos se estipulaban ciertos términos con la intención de constituir una base para la transacción, el abogado del demandante manifestó que si el propósito de los demandados era demostrar la existencia de un impedimento (*estoppel*), se opondría; de lo contrario no haría oposición alguna.    La corte observó que no se había hecho alegación suficiente para justificar la admisión de la prueba a tales propósitos, y la corte, aparentemente mostrando su adquiescencia con ese criterio, admitió el documento sin objeción.

Las conclusiones (*findings*) de la corte, que en su mayor parte no son más que un mero resumen de la prueba aducida en juicio, contienen una referencia a este contrato y una línea divisoria tirada con arreglo al mismo; pero la corte ''por razón de lo contradictorio de la prueba,'' no pudo localizar con exactitud la línea así tirada.

Como la corte sostuvo también en el curso de su ''decisión'' que los demandantes no estaban impedidos (*estopped*) por virtud de ese convenio, no parece que por ahora sea importante.    Es cierto que los demandados insisten que la corte de distrito procedió sobre una falsa premisa respecto de este aspecto del caso y los demandados con agrado admiten el error cometido en los fundamentos apuntados para la conclusión a que llegó la corte sentenciadora, pero insisten en que la resolución fué correcta por otras razones.    Parece que no hay una vigorosa oposición a este criterio sobre

la cuestión y, dadas las circunstancias, muy bien puede dejarse tal cual está.

La corte inferior estimó también probado que con arreglo a determinadas mensuras "la parcela de 11.41 cuerdas cuya reivindicación se pretende, radica dentro del plano de la finca propiedad de Francisco Rovira," y los demandados insisten en que para ser consistente con esta conclusión (*finding*) debió desestimarse la demanda. Asimismo descansan sobre esta conclusión en relación con cierta prueba documental para sostener la pretensión de que debió dictarse sentencia en su favor basándose en la teoría de adquisición de título por prescripción. Pero la corte también estimó que de conformidad con una constancia contenida en algunas de las más antiguas escrituras en la cadena de títulos de los demandados, los títulos arrojan un total mayor de cabida que el número efectivo de cuerdas enajenadas, haciéndose en aquéllos referencia a los planos de los agrimensores Verges y Boucher para determinar la verdadera extensión superficial. Y este sumario de la prueba en forma narrativa concluye con la manifestación de que el juez inferior no podía determinar, basado en la prueba, "por razón de las contradicciones existentes en la misma," ni la exacta posición de la línea divisoria entre la finca de los demandantes y la de los demandados ni la cuantía de los daños causados por los demandados a los demandantes por la posesión de terrenos pertenecientes a éstos.

La corte inferior, al encontrarse en este dilema, en vez de tratar de resolver la controversia sometida por las partes, procede como sigue:

"Como resumen de esta prueba, tenemos que al señor Beiró y sus hijos les corresponde, de acuerdo con sus títulos, una finca de una cabida de 71 cuerdas de terreno y a los señores Rovira Hermanos una finca de 41 cuerdas 486 milésimas. Tomando como base las mensuras practicadas por el ingeniero señor Texidor, tenemos que los predios pertenecientes a las partes arrojan el siguiente cómputo. El de los demandantes, 67 cuerdas 12 milésimas; el de los deman-

dados 47 cuerdas 80 milésimas; esto es, el terreno que actualmente se encuentra en la posesión de las partes. Que dichas cantidades hacen un total de 114 cuerdas, 92 milésimas. Entregando, por tanto, a los demandantes el completo de sus 71 cuerdas que les corresponden según sus títulos, quedaría un resto de 43 cuerdas 92 milésimas, o sea, una cuerda 606 milésimas más del montante que arrojan los títulos de los demandados, cuyo exceso corresponde, sin duda alguna, a ciertos solares, que fueron vendidos por don José Mariano Capó, y cuya cabida no se ha determinado.

"Según los planos de los demandados, su finca arroja una cabida de 47 cuerdas 80 milésimas, y sumando el total que dan sus títulos, solamente les corresponden 41 cuerdas 486 milésimas. No hay duda alguna que dichos demandados tienen en su posesión 5 cuerdas 594 milésimas más de lo que por su título les corresponde, y que tienen, por consiguiente, en su poder y bajo su posesión las 3 cuerdas 988 milésimas que faltan a los demandantes."

Se dictó sentencia por "un predio de terreno compuesto de tres cuerdas novecientas ochenta y ocho milésimas, situado en la colindancia oeste de la finca de los demandantes y al este de la finca de los demandados, y a lo largo de la colindancia de los mismos, cuyas tres cuerdas, novecientas ochenta y ocho milésimas completan las setenta y una cuerdas que arrojan los títulos de los demandantes y que les fueron adjudicados en la división y partición de los bienes relictos por don Francisco Rovira Pujols a su fallecimiento, que por insuficiencia de la prueba, desestima la demanda en cuanto a los daños y perjuicios por no poder la corte determinar el montante de los frutos percibidos por dichos demandados durante el tiempo que han estado en posesión del mencionado predio de terreno, imponiéndoles a los demandados el pago de las costas y desembolsos."

Como resultado natural de esta sentencia, ambas partes interpusieron recurso de apelación.

Puesto que en un nuevo juicio una situación algo distinta pudiera desarrollarse, no necesitamos resolver por ahora las diversas cuestiones sugeridas por las partes ni expresaremos opinión alguna sobre los hechos del caso. Bastará decir que

(dando por aceptada como correcta la operación aritmética
del juez sentenciador, punto acaloradamente impugnado por
los demandantes) el mero hecho de que la suma total de toda
la cabida superficial que pertenece en separadas fracciones
de terreno a los demandados exceda en pocas cuerdas del mon-
tante total que arrojan sus títulos, mientras que la cabida
total de los diversos predios pertenecientes a los demandan-
tes resulta ser algo menor de la que aparece de la faz de sus
títulos, pueda apenas justificar el quitarle a los demandados
de semejante exceso tanto cuanto se requiera para completar,
con la parte agregada, lo que falta a los demandantes.
Puede concebirse que con un desarrollo ulterior del caso, que
establezca hechos que ahora no aparecen de la prueba, pu-
diera suministrar más sólidos fundamentos para llegar a un
resultado casi semejante; pero en los autos que tenemos ante
nosotros no encontramos ninguna base tangible que sostenga
la sentencia dictada.    Una cuestión parecida se discutió y de-
cidió en el caso de *Gual* v. *Andújar*, 25 D. P. R. 905.

A no ser por la exclusión del testimonio del abogado que
había examinado los extraviados planos levantados por los
agrimensores *Verges* y *Boucher,* podríamos seguir el curso
adoptado en el caso de *Pillot* v. *Domínguez,* 24, D. P. R. 642,
en el que la misma corte sentenciadora dejó de resolver por
completo la controversia planteada en la corte inferior, y
resolver este caso por sus méritos.

Es ciertamente evidente, sin embargo, que el testimonio
de este testigo podría arrojar mucha luz sobre lo que parece
ser el nervio de toda la controversia, y así ayudar a la corte
de distrito para llegar a una conclusión definitiva; y es
igualmente claro que la corte erró al excluir esta prueba.

En este caso, el abogado en cuestión fué comisionado por
su cliente, ahora uno de los demandantes, para tratar el asunto
con Rovira Hermanos, los demandados en el presente pleito,
y posteriormente ambas partes entregaron al dicho abogado

todos sus papeles, escrituras y documentos, incluyendo los planos perdidos, para su examen y consejo con miras a un arreglo amistoso, si posible hubiese sido, de una disputa familiar. Uno de los propios demandados declara que, cuando menos en una ocasión, estos planos habían sido libremente exhibidos y discutidos en presencia de Beiró, padre, así como a presencia de su abogado y de otras personas; y de los autos aparece que, hasta la fecha del juicio, nunca se habían considerado o tratado como confidenciales estos planos.

Tomando como base el criterio más favorable a los demandados de que el propuesto testigo, como él llegó a decirlo, actuaba, a la fecha en que fueron dichos planos a él sometidos, como abogado de ambas partes y no de Beiró solamente, quien buscó primero sus servicios, a todas luces la comunicación sencillamente no era privilegiada.

"Cuando dos o más personas emplean al mismo abogado en el mismo negocio, sus comunicaciones con el abogado en relación a dicho negocio no son privilegiadas *intersese,* aun cuando los intereses de esas personas sean adversos entre sí, siempre que las revelaciones se hicieren a presencia y audiencia de todos los interesados o se hubieren hecho para información de todos." 40 Cyc. 2368.

Véase también IV Wigmore 3235, sec. 2312; *Harris* v. *Harris,* 136 Cal. 379; *Cady* v. *Walker,* 28 N. W. 805; *Livingston* v. *Wagner,* 42 Pac. 290; *Shove* v. *Martine,* 88 N. W. 254; *Thompson* v. *Cashman,* 181 Mass. 36; *Doheny* v. *Lacy,* 61 N. E. 255; *Haley* v. *Eureka Co. Bank,* 26 Pac. 64.

Por el error cometido con la exclusión de este testimonio es de revocarse la sentencia recurrida y devolverse el caso.

> *Revocada la sentencia apelada y ordenada la devolución del caso a la corte inferior.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.