WIRELESS SPECIALTY APPARATUS COMPANY *vs.*
WILLIAM H. PRIESS.

Suffolk.    March 29, 1923. — September 14, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Contempt of Court. Equity Jurisdiction,* Punishment for contempt. *Husband and Wife. Evidence,* Competency.

The defendant in a suit in equity, who knowingly has violated the terms of a restraining order issued therein pending an application for an injunction *pendente lite* while it was in force, may be punished for such contempt of court, even though a petition seeking that he be adjudged in contempt was not filed until twenty days after the restraining order had lapsed by reason of a failure of the plaintiff to press for the injunction upon the last day to which the restraining order had been continued by a series of orders entered by agreement of parties.

At the hearing of a petition that the defendant in a suit in equity be adjudged in contempt, the defendant and his wife, in response to questions put by the counsel for the defendant, testified to the substance of a certain conversation which was had over the telephone between the defendant in New York City and his wife at their home in Belmont in this Commonwealth and were cross-examined on the same subject by the plaintiff. Neither party objected to the testimony and no question was raised at the hearing as to the propriety of its being considered. After being notified of a decision by the judge finding facts as contended by the plaintiff and ruling that he had not jurisdiction to adjudge the defendant in contempt, and after the plaintiff had asked for a report of the case to this court, the defendant for the first time asked for a ruling that, under G. L. c. 233, § 20, the testimony as to the telephone conversation was incompetent and could not be considered in the decision of the case. *Held*, that

(1) For aught that was shown by the record, other persons might have heard the conversation, so that it did not appear that the testimony related to private conversations between the husband and wife;

(2) In the circumstances, the defendant, having introduced the subject of the conversation himself, presumably hoping to receive benefit from it, would not be heard to contest its admissibility; .

(3) There was no such sanctity about private conversations between husband and wife, even in view of the statute, as prevented the tribunal from considering the testimony in the circumstances disclosed.

BILL IN EQUITY, filed in the Superior Court on September 12, 1922, and afterwards amended, to enjoin the defendant, formerly employed by the plaintiff, from violating a contract made by him with the plaintiff by assigning rights to inventions made by him while in the plaintiff's employ.

On November 23, 1922, the plaintiff filed a petition that the defendant be adjudged in contempt of the temporary restraining order described in the opinion. The petition was heard by *McLaughlin*, J. Material facts found by him are described in the opinion. The judge ruled, first, that the restraining order was not in effect at the time the petition for adjudication of contempt was filed, and, second, that in consequence of this he could not punish the defendant for contempt, and that as a result the petition should be dismissed; and he reported the suit to this court for determination so far as concerned the contempt proceedings. If his rulings were correct, that the restraining order was not in effect when the petition was filed and that accordingly the defendant was not liable to be punished for contempt, the petition was to be dismissed; if his rulings were not correct

and the defendant was liable to be punished for contempt, then, in case he erred in considering the conversation between husband and wife, described in the opinion, in arriving at his findings, the case was to be remanded for further hearing upon the other evidence theretofore presented; otherwise, such order was to be made as was proper in the circumstances.

*R. G. Dodge*, (*L. Curtis, 2d,* with him,) for the plaintiff.

*B. E. Eames*, for the defendant.

RUGG, C.J.    This case comes before us on report by a judge of the Superior Court.

1. The first question presented relates to the power of the court to deal with a petition for adjudication of contempt for violation of an injunction.    A suit in equity was filed by the plaintiff against the defendant in our Superior Court. On September 12, 1922, a restraining order was issued enjoining the defendant from disclosing the contents of a certain patent application and from assigning or disposing of or granting any rights of any nature whatsoever under said application for the invention described therein or the patent or patents to issue thereon.    This order was issued *ex parte*, and the precept containing the subpœna, notice and restraining order, was served on the day on which it was issued by leaving an attested copy at the defendant's last and usual place of abode in Belmont in this Commonwealth. No personal service was ever made.    On the next day, September 13, in the city of New York, the defendant executed and delivered to the DeForest Radio Telephone and Telegraph Company a non-exclusive license to manufacture under said patent application, and under the invention to which said application relates and under any patent which might issue on said application.    No contention was made but that this license was within the terms of the restraining order.    The judge found as a fact that before the execution of the license the defendant had actual knowledge that the order restraining such an act had been issued. The temporary restraining order was granted without notice, and, as has been said, notice of the application for a preliminary injunction was made returnable on September

20, 1922. On that day, it appears from the papers that the parties agreed that the restraining order should continue in force until October 20, and from then until November 3 there were several continuances from time to time under similar agreements. On October 30 an interlocutory decree was entered ordering the pleadings to be completed on or before November 10, 1922, and the case to be then referred to a master, and on November 3, 1922, the day to which it was finally continued, or on which it should have come up for hearing if the course prescribed by the statute had been followed, the plaintiff, Wireless Specialty Apparatus Company, failed to apply for such an injunction, and none was issued then or thereafter. The present petition that the defendant be adjudged in contempt was filed on November 23, 1922.

It is assumed in favor of the defendant, without pausing to discuss or decide the point, that the restraining order expired on November 3, 1922, under G. L. c. 214, § 9.

The purpose of this proceeding for contempt is to maintain the authority of the court. It is not for a defendant to flout the processes of the court according to his own conception of his rights. It is not for him to decide whether the restraining order was valid, or not. Law and order can be maintained only by obedience to the mandate of the court. The courts of this Commonwealth are always open except on the Lord's day and on holidays. Any error committed by them can be speedily redressed. So long as the restraining order remained in force the defendant was bound to respect and obey it.

It is of no consequence on the question whether there has been a contempt that the restraining order finally expired by its own limitation. This is not an instance where the restraining order was issued in excess of jurisdiction or for any other reason was improperly issued, and we need not consider what would be the law applicable to such cases. The great weight of authority supports the conclusion that proceedings for contempt may be maintained for violation of an injunctive order even after it has ceased to be of binding force. *Shuler* v. *Raton Waterworks Co.* 247 Fed. Rep.

634, 638. *Weidner* v. *Friedman*, 126 Tenn. 677, 685, 686. *Crook* v. *People*, 16 Ill. 534. *State* v. *King*, 29 Kans. 607. *Jennings* v. *Jennings*, 104 S. C. 242. *Smith* v. *Reno*, 6 How. Pr. 124.

All the circumstances, including the expiration of the restraining order, may be considered on the question of penalty for the contempt.

2. The defendant and his wife, both called as witnesses by the defendant in the course of the hearings, testified, in reply to questions put by counsel for the defendant, to the substance of a certain conversation which was had over the telephone between the defendant in New York City and his wife at their home in Belmont in this Commonwealth. They were cross-examined touching this conversation. No objection was taken to this testimony by either party, nor was any question raised as to the propriety of its being considered. After the parties had been notified of the decision of the judge, and after the plaintiff had asked for a report of the case to this court, the defendant then for the first time asked for a ruling that, under G. L. c. 233, § 20, wherein both husband and wife are prohibited from testifying as to private conversations between them, the testimony was incompetent and could not be considered in the decision of the case. There was no error in refusing thus to rule. It does not appear that the testimony related to private conversations between the husband and wife. *Nichols* v. *Rosenfeld*, 181 Mass. 525. *Commonwealth* v. *Dascalakis*, *ante*, 12. For aught that is shown in this record, other persons may have heard the conversation. The defendant having introduced the testimony himself, presumably hoping to receive benefit from it, will not now be heard to contest its admissibility. The statutory prohibition was as strongly binding upon the defendant as upon anybody else. Parties cannot in the trial of causes play fast and loose with the law of evidence and then be heard to object to their own infractions of it. By his own conduct the defendant has sealed his lips from complaint concerning this testimony. See *Doole* v. *Doole*, 144 Mass. 278; *Thompson* v. *Cashman*, 181 Mass. 36. There is no such sanctity about private conver-

sations between husband and wife, even in view of the statute, as prevents the tribunal from considering the testimony in the circumstances here disclosed. There is nothing in *Sampson* v. *Sampson,* 223 Mass. 451, and the cases there collected, at variance with this conclusion. Incompetent evidence, when introduced without objection, is entitled to its probative force. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 576, and cases there collected.

In accordance with the terms of the report the case is to be remanded to the Superior Court for further consideration on the question of contempt.

*So ordered.*