Gershengorn, J.
Plaintiff, Maureen Buckley Holland (“Holland”), brings this action for legal malpractice and violation of G.L.c. 93A, alleging that the defendant, Jeffrey H. Fisher’s (“Fisher”), simultaneous representation of her and the Malden Police Patrolmen’s Association (MPPA) constituted a conflict of interest and caused Fisher to represent Holland in a manner below the standard expected of a competent attorney.
Fisher now moves, pursuant to Mass.R.Civ.P. 26 and 37(a)(2), for an order compelling Holland to allow the following items of discovery: (1) documents and testimony of Attorney Douglas Louison on advice regarding Fisher’s alleged conflict; (2) documents held by Attorney Alan Fanger relating to decisions of the prosecution of the underlying action; (3) Holland’s deposition testimony regarding a hearing in the underlying case; and (4) Holland’s deposition testimony on what Fisher allegedly did to interfere with a settlement of the underlying action. The facts of this action pertinent to Fisher’s discovery motion are as follows.
BACKGROUND
Holland brought an action in the Malden District Court seeking review of a decision by the Civil Service Commission which terminated her employment with the Malden Police Department. While this district court action was pending, Holland, through her then-attorney Fisher, entered into settlement negotiations with the city. This attempt at settlement failed. Holland brings this action against Fisher based on his conduct during those settlement discussions.
In April 1991, while the parties began discussing possible settlement of the district court action, Holland retained Attorney Douglas Louison. In 1993, Attorney Alan Fanger undertook Holland’s representation in the district court action.[1] In July 1993, summary judgment entered against Holland.
DISCUSSION
The parties here have, on various occasions, asked this court to use its wide discretion to determine the conduct and scope of certain discovery matters in Holland’s instant action against Fisher. Solimene v. B. Graul & Co. KG, 399 Mass. 790, 799 (1987); GTE Products Corp. v. Stewart, 414 Mass. 721, 725 (1993). Fisher’s present motion raises concerns about the importance of the attorney-client privilege as well as the exceptions to the privilege previously discussed at length by this court. In the Matter of a John Doe Grand Jury Investigation, 408 Mass. 480, 482 (1990); see also, DR4101, Canons of Ethics and disciplinary Rules and Regulating the Practice of Law, SJC Rule 3:07, 382 Mass. 768, 778-79 (1981); Thompson v. Cashman, 181 Mass. 36 (1902) (privilege does not apply to disputes between clients who share the same attorney); Beacon Oil Co. v. Perelis, 263 Mass. 288, 293 (1982) (no privilege in disputes between joint clients); Commonwealth v. Brito, 390 Mass. 112, 119 (1983) (no privilege applied to disputes between client and attorney regarding collection of a fee or allegations of wrongful conduct against the attorney). See also Proposed Mass. R. Evid. 502(d). *172 A recent decision rendered by this court found that the purpose of the privilege and the interests of justice would not be well served were Fisher allowed to assert the privilege as to discussions with ihe MPPA thereby preventing Holland’s discovery with respect to the alleged conflict of interest. See Memorandum Of Decision And Order In Plaintiff, Maureen Buckley-Holland’s Motion To Compel Answers To Deposition Questions (December 19, 1994) (Gershengorn, J.).* Adhering to these previously delineated principles, then, this court decides as follows with respect to Fisher’s instant discovery motion.
I. Attorney Louison Documents
Fisher originally deposed Attorney Louison on October 30, 1992. Fisher now moves to compel the production of three documents which Attorney Louison allegedly failed to bring with him to that deposition. These documents are (1) a letter to Holland; (2) two pages of notes on certain meetings with Holland; (3) some “stickums” with telephone numbers. Fisher further requests permission to re-depose Attorney Louison regarding the information relating to his defenses as contained in these documents.
Fisher argues that the Louison documents are crucial to his defense and the determination of whether Holland made a knowing waiver of the alleged conflict of interest. To this end, Fisher demonstrates that Attorney Louison wrote two letters to Fisher. One letter raised concerns about alleged MPPA modification to the settlement terms, and the other stated “that [Holland] wishes you to continue in your representation of her in the appeal presently pending in the Malden District Court.” According to Attorney Louison’s deposition testimony, Holland authorized the letters.
This action is based on an alleged conflict of interest. Pursuant to S.J.C. Rule 3:06, DR5-105(C) “a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.”
Fisher has made a sufficient showing that the (1) letter to Holland and (2) the two pages of notes are relevant to his defense.[2] This court finds these documents, as well as Attorney Louison’s testimony regarding these documents, relevant to the extent they relate to whether Holland fully understood the possible effects of dual representation under the circumstances of this case. The documents are relevant as to whether Holland knew Fisher was representing both her interests as well as those of the MPPA and whether she knew that the interests of the MPPA were potentially adverse to her interests.
II. Attorney Fanger Documents.
With respect to Attorney Fanger, Fisher asks this court to compel three documents listed on a log created by Attorney Fanger pursuant to a court order. They are identified in that log as follows: (1) 7/22/92, Fanger office note reflecting conversation with Holland concerning city’s motion for summary judgment and strategy for response thereto; (2) 9/1/93, Fanger letter to Holland, summarizing decision of Malden court on cross motions, and outlining options for review of decision; (3) Letter, Holland to Fisher, commenting on document furnished to Fisher by Assistant City Solicitor John Grant. Fisher argues that these documents are directly relevant to his defenses of contributory negligence and failure to mitigate damages because they may show that Holland chose not to actively oppose summary judgment motion.
Fisher has failed to demonstrate that such records are relevant to his above defenses. Fisher has merely demonstrated that Holland and Attorney Fanger had discussions relative to Holland’s opposition to the city’s motion for summary judgment in the district court action. Such discussion between an attorney and his client are presumably customary and routine. Without more to support his contention, Fisher’s motion to compel the production of these documents is denied. However, in the event that Fisher shows the relevancy of and his specific need for these three documents at a later time in this action, the motion is denied without prejudice.
III.Holland’s Deposition Testimony
Holland’s first deposition on February 5, 1993 lasted approximately five hours. At the conclusion of her testimony, she produced copies of some handwritten notes and agreed to make herself available for additional deposition testimony concerning those notes. This second deposition took place on May 19, 1994, and lasted approximately four hours.
At this second deposition Holland was questioned about the circumstances under which she listened to the tape of the district court hearing. Because this question revolved around her attorney-client relationship with Attorney Fanger, she was instructed not to answer. Holland was further instructed by counsel not to answer the following question concerning Holland’s claim pursuant to G.L.c. 93A:
Q: Now on page 2 of [Holland’s 93A demand letter], Mr. Karon says that Fisher failed to zealously represent you Ms. Holland, and instead took actions contrary to her interest to frustrate any settlement agreement for her reinstatement. And my question to you Ma’am, is: What did Mr. Fisher do to frustrate that settlement?
As an initial matter, this court finds that Holland’s second deposition was for a veiy limited purpose — to answer questions concerning the copies of her handwritten notes which were presented to Fisher after the conclusion of the first deposition. Fisher fails to assert a single reason why this court should now, almost six months later, alter the scope of that second deposition. In addition, Fisher has failed to show the relevancy of Holland’s discussion with Attorney Fanger regarding the *173 tape of the district court hearing. The conversation is privileged by the attorney-client privilege. Finally, a careful review of Holland’s answers to interrogatories and prior deposition testimony reveals not only that Fisher had ample time to question Holland on the G.L.c. 93A issue, but has in fact so questioned Holland, who has on numerous times provided Fisher with a detailed response.
ORDER
For the foregoing reasons, the motion of the defendant, Jeffrey H. Fisher to compel discovery, is hereby ALLOWED IN PART and DENIED IN PART as follows:
1. The motion is ALLOWED only with respect to the two documents Attorney Louison did not bring with him to the October 30, 1992 deposition described herein as (1) a letter to Holland and (2) the two pages of notes of certain meetings with Holland. It is hereby further ORDERED that the defendant, Jeffrey H. Fisher, be allowed to redepose Attorney Louison only with respect to those documents as they may pertain to the defendant’s defense of waiver as described in subsection I. supra of this decision.
2. The motion is DENIED WITHOUT PREJUDICE with respect to documents held by Attorney Alan Fanger relating to decisions on the prosecution of the underlying case.
3. The motion is DENIED with respect to plaintiff Maureen Buckley-Holland’s deposition testimony about a district court hearing and the tape of that hearing.
4. The motion is further DENIED as to plaintiff Maureen Buckley-Holland’s deposition testimony on what defendant allegedly did to interfere with a settlement of the district court action.

Attorney Fanger, in fact, represented Holland in this present action until Fisher brought a third-party complaint against him, causing him to withdraw. Attorney Fanger does, however, continue to represent Holland in the Malden District Court action as well as Holland’s administrative action against the MPPA.

Editor’s Note: The cited memorandum is reported at 3 Mass. L. Rptr. No. 8, 167 (February 20, 1995) (Gershengorn, J.).

Fisher makes no showing how the “stickums" with telephone numbers listed on them are relevant to this action.