ELIJAH W. BONNEMORT, executor, *vs.* GEORGE H. GILL & others, appellants.

Norfolk.   January 27, 1896. — March 31, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Probate Appeal — Allowance of Will — Evidence.*

If statements in another case by the counsel of one party, made without objection on his part, and based on what he told his counsel, and offered at the present trial as an admission by him, are excluded, and at a later stage are admitted, together with all that happened in court, no ground of exception is shown.

At the trial of an appeal from the allowance of a will made in 1892, just after the. death of the testator's wife, to whom he had left his property by a former will, the judge appeared by his memorandum of decision not to have considered evidence admitted *de bene* of what the testator said in 1886 or 1887, that he meant to do with his property, but did not disclose the ground on which he laid the declarations on one side. *Held*, that no ground of exception appeared.

A witness was asked, on cross-examination, whether he had testified at a former trial to a fact now stated by him. He answered, "I don't think I did; I don't think I was asked." The question being repeated, the witness answered, "I don't remember." *Held*, that the question, so far as appeared, was proper, and the answer made it harmless.

At the trial of an appeal from the allowance of a will, on the single issue of the testator's sanity, evidence that, at the testator's funeral, the executor and sole legatee only after hesitation and argument produced the will to be read, and left the room, does not show conduct which imports an admission concerning the issue on trial.

At the trial of an appeal from the allowance of a will on the single issue of the testator's sanity, after evidence of facts tending to show the incapacity of the testator had been elicited, on cross-examination the executor was allowed to ask the witness, who was adverse and interested, whether at that time she did not give her daughter directions to go and see the testator in regard to the payment of money by him for the purpose of discharging a mortgage for the witness; and the witness answered that she did. *Held*, that no error appeared.

The executor was allowed, at the trial of an appeal from the allowance of a will, to testify that an adverse witness called by him, who had testified to conduct of the testator at the time of executing a deed, seemed surprised to see the executor on the occasion of her bringing the deed for execution, and said that she did not expect to see him. The evidence was in before any objection was taken, and a later question, which was objected to, brought out nothing new. *Held*, that no error appeared.

The executor of a will was also administrator of the estate of the testator's wife, who died shortly before the testator. At the trial of an appeal from the allowance of the will, evidence was offered that at her death there was a large sum of money in the house, that after the testator's death the executor took charge of the house, and that he did not include the sum in his inventory as administrator of the testator's wife, or as special administrator of the testator's estate. *Held*, that the exclusion of the evidence afforded no ground of exception.

APPEAL from a decree of the Probate Court, allowing the will of Howard Gill. Trial in this court, without a jury, before *Morton*, J., who found in favor of the will, and affirmed the decree; and the appellants alleged exceptions, which appear in the opinion.

*W. H. J. Tiernan & B. H. Greenhood*, for the appellants.

*J. E. Cotter & C. F. Jenney*, for the executor.

HOLMES, J. This is an appeal from the allowance of a will by the Probate Court. The case was tried by a judge, without a jury, on the single issue of the testator's sanity. It now is before us upon exceptions to the admission and exclusion of evidence. We will take them up in their order, so far as they have not been waived.

1. The second exception was to the exclusion of statements in another case by the petitioner Bonnemort's counsel, made without objection on Bonnemort's part, and based on what Bonnemort told his counsel. The statements were let in at a later stage, together with all that happened in court. As the ground on which they were offered was that they were an admission by

Bonnemort, we think it plain that, when the court let the statements in, it must have been assumed that they represented instructions of Bonnemort, or at least it must have been understood that evidence to that effect would be heard if offered again.

2. The third exception is that the judge appears, by his memorandum, not to have considered evidence admitted *de bene* of what the testator said, in 1886 or 1887, that he meant to do with his property. The will was made in July, 1892, just after the death of the testator's wife, to whom he had left his property by a former will. The judge does not disclose the ground on which he lays the declarations on one side. One very good reason may have been that, in view of the change of circumstances, he thought that they were made too long before the will to be instructive.

3. The fourth exception is to allowing a witness to be asked on cross-examination whether she had testified to a fact now stated by her at a former trial. The question was proper, so far as appears. *Miller* v. *Smith*, 112 Mass. 470, 476. Her answer was, " I don't think I did; I don't think I was asked." This plainly means only that she did not testify because she was not asked. The question being repeated, the witness answered, " I don't remember." The answers made the question harmless.

4. The fifth exception is to the exclusion of evidence that at the testator's funeral the petitioner Bonnemort only after hesitation and argument produced the will to be read, and left the room. Without expressing an opinion whether the decision in *Shailer* v. *Bumstead*, 99 Mass. 112, 127, 129, would apply to admissions by an executor who is sole legatee, it is enough to say that the conduct described does not import an admission concerning the issue on trial.

5. The seventh exception is that, after evidence of facts tending to show the incapacity of the testator had been elicited on cross-examination, the executor was allowed to ask the witness, who was adverse and interested, whether at that time she did not give her daughter directions to go and see the testator in regard to the payment of money by him for the purpose of discharging a mortgage for the witness. The witness answered that she did. It has been held in one case in this Commonwealth that conduct of a witness implying an opinion that a

person is sane is not admissible to contradict his testimony to facts tending to show insanity. *Hubbell* v. *Bissell*, 2 Allen, 196. But it is clear that this cannot be always true. For instance, if the facts testified to would show manifest imbecility, proof that the witness at that time dealt with the person as a man fit for business would tend to show that nothing then was known to the witness which proved that the person was unfit. In this case, it does not appear exactly what the facts showing incapacity were, and we cannot say that the answer objected to did not tend to contradict the witness's testimony as to those facts. *Williams* v. *Spencer*, 150 Mass. 346, 349, 350. So far as the witness's direction tended to show an actual dealing with the testator, it showed a fact as to what the testator actually was doing at the time, which was a circumstance to be considered alongside of the others. Enough does not appear to show that justice requires a new trial on this ground.

6. The eighth exception is to allowing the executor to testify that an adverse witness called by him, who had testified to conduct of the testator at the time of executing a deed, seemed surprised to see the executor on the occasion of her bringing the deed for execution, and said that she did not expect to see him. The evidence was in before any objection was taken, and the later question which was objected to brought out nothing new. Furthermore, it does not appear that the evidence hurt the appellants, or, if it did, that it went beyond a fact tending to contradict the former testimony in a legitimate way.

7. The executor was also administrator of the estate of the testator's wife, who, as has been said, died shortly before the testator. Evidence was offered that at her death there was a large sum of money in the house, that after the testator's death, as we understand it, the executor took charge of the house, and that he did not include the sum in his inventory as administrator of the testator's wife, or as special administrator of the testator. The ninth exception is to the rejection of this evidence. Left as it was, the offer was consistent with the money never having come into the executor's hands, and so far as appears, after a long trial of a remotely collateral issue, nothing would have been shown which discredited the executor or his case. The other exceptions are waived.

*Exceptions overruled.*