M. McDonough Company *vs.* James T. Lennox.

Essex.    January 8, 1924. — April 8, 1924.

Present: Rugg, C.J., DeCourcy, Crosby, Pierce, & Wait, JJ.

*Practice, Civil,* Exceptions: what questions are open; New trial; Charge to jury. *Sale,* Warranty, Of coal. *Evidence,* Relevancy and materiality.

Upon a record setting forth exceptions by the plaintiff at the trial of an action of contract in the Superior Court and at the hearing of a motion for a new trial, this court is confined to the exceptions set forth in the record and is not to deal with the action as if it were brought here by an appeal in equity upon evidence taken by a commissioner.

The record of exceptions by the plaintiff saved at the trial of an action of contract did not set forth any requests for rulings nor any exception to the giving or denial of any requests for rulings and only a single exception to a portion of the charge. Without objection, the trial judge submitted to the jury certain special questions to be answered in connection with the return of a general verdict. *Held,* that it was not open to the plaintiff to object that the questions were wrongly submitted to the jury nor to object to instructions and portions of the charge to which he had not excepted, nor to a failure to give instructions, requests as to which were not disclosed in the bill of exceptions.

At the trial of an action of contract upon an account annexed for coal sold and delivered, the judge in his first charge to the jury stated " that there could not be an express warranty and also an implied warranty." At the close of the charge, he instructed the jury to disregard so much of the charge as included the above statement. The plaintiff claimed an exception to the judge's direction but did not request another or further instruction nor point out wherein the change made appropriate further modification of the charge as it would then stand. *Held,* that the exceptions must be overruled as the judge's action was right and the record showed that the erroneous statement thus removed from the charge did not affect injuriously any statement allowed to remain.

At the trial of an action upon an account annexed for the price of coal sold and delivered, where the defendant in his answer sets up a claim in recoupment for breach of warranty of quality and failure of the plaintiff

to make deliveries as required by the contract, evidence is admissible to show damages suffered by the defendant through being compelled to procure coal in place of that which the plaintiff had agreed to deliver and through having to pay therefor a price higher than that fixed in the contract with the plaintiff; and also evidence was admissible tending to show that, owing to the poor quality of the coal furnished by the plaintiff, the defendant was compelled to shut down his plant.

Where, at the trial of an action, testimony of an expert is admitted subject to the right of the plaintiff to move to strike it out if it was not later connected with the issues in the case, and the plaintiff does not make such a motion, he cannot, at the hearing of his exceptions in this court, object to the evidence being permitted to stand at the trial.

A motion for a new trial is addressed to the discretion of the trial judge and no exception lies to a refusal to grant it unless there appears to be a plain abuse of judicial discretion.

An exception to the refusal by a trial judge to consider requests for rulings filed with him two days after the completion of a hearing upon a motion for a new trial must be overruled since the judge was not bound to consider such requests.

CONTRACT upon an account annexed for $3,947.95, a balance alleged to be due upon an account annexed for coal sold and delivered. Writ dated February 25, 1921.

In the Superior Court, the action was tried before *Bishop*, J. Material evidence and exceptions saved at the trial and at the hearing of a motion for a new trial are described in the opinion. There was a verdict for the plaintiff in the sum of $160. The plaintiff alleged exceptions.

*F. E. Shaw*, for the plaintiff.

*J. L. Hannan*, (*J. C. Coughlin* with him,) for the defendant.

WAIT, J. This was an action at law tried before a jury. The record sets out certain exceptions taken at the trial, and further exceptions to a refusal to grant a motion for a new trial and to consider certain requests based upon a motion for a new trial and filed after the hearing on that motion. We are confined to the exceptions; and are not to deal with the case as though we had before us an appeal in an equity case accompanied by the evidence taken by a commissioner. The brief of the plaintiff and his argument proceeded as if the latter situation existed. His contentions ask us to find error in proceedings to which no exception was taken. Such matters are not properly before us.

The plaintiff's declaration, in two counts, sought to

recover for merchandise, principally soft coal, sold and delivered; and upon an account annexed charging for coal and wood delivered to or for the defendant. The prices charged were the market prices of coal at the several dates of delivery. Both counts were for the same cause. The answer set up, in addition to a general denial and plea of payment, that the soft coal was sold and delivered at an agreed price under a contract for the sale and delivery of one thousand tons of coal equal in quality to a certain sample, suitable for use in the defendant's plant, in such quantities as should be necessary to keep the plant in continuous operation; that the coal delivered was not up to sample, was not suitable for use in the plant which defendant was compelled to shut down in consequence; that the defendant was obliged to obtain other coal at a higher price and suffered damage which he sought to recoup. By an amendment to his answer, the defendant added an allegation of warranty in regard to quality and to delivery, performance in full by himself, failure on the part of the plaintiff to make deliveries in December, 1919, and in January, February, March and April, 1920, whereby the defendant was compelled to go into the market and pay a higher price for coal, causing damage as set out in a schedule annexed, which he sought to recoup.

There was great conflict in the testimony at the trial, although there was no dispute with regard to the delivery and price of the items for hard coal and wood; that the defendant received the soft coal at the times and substantially in the amounts set out; that the prices charged were the market prices at the dates of the several deliveries; or that the defendant made the several payments credited to him.

The trial judge, without objection, submitted certain questions to the jury to be answered in connection with the return of a general verdict. No requests for rulings are set out in the bill of exceptions. It appears, however, from the charge, which is set out, that the judge had before him and gave many requests. No exception was claimed to the giving or denial of any requests for ruling, and the

only exception to the charge is the one which will be dealt with later.

It is not now open to the plaintiff to object that questions were wrongly submitted to the jury for answer with the verdict, even if open to exceptions taken seasonably. The party may have been satisfied to have the attention of the jury focussed upon certain points by the questions submitted, and his dissatisfaction may arise because the result of that consideration was not what he hoped. Nor, after having the benefit of a charge to which he did not object at the time (except in the particular referred to) can he now complain of the instructions given, or of the failure to give instructions not requested.

At the close of the charge, the judge instructed the jury to disregard so much as told them " that there could not be an express warranty and also an implied warranty." In this he was right. The erroneous statement thus removed did not affect injuriously any statement allowed to remain. The plaintiff claimed an exception to this direction of the judge, but he did not request any other or further instruction, nor did he point out wherein the change made appropriate further modification of the charge as it would then stand. The exception must be overruled.

The first exception related to the admission of evidence of damage to the defendant through being compelled to pay a price higher than that fixed in the alleged contract for one thousand tons. This evidence was clearly admissible on the issue raised by the answer in recoupment. It was not inadmissible because it would become immaterial, and possibly prejudicial, if the jury took the view of the evidence for which the plaintiff contended. The jury might not. Here they did not.

So of the fifth exception claimed at the trial. Evidence that, owing to the poor quality of the coal, the defendant was compelled to shut down was competent and admissible on the recoupment issue.

The second, third and fourth exceptions relate to the admission of the testimony of an expert in regard to the quality of the coal delivered. This testimony was admitted

subject to the right of the plaintiff to move to strike it out if it was not later connected with the plaintiff's coal. No such motion was made. It is too late now, in substance, to make that motion.

The jury found for the plaintiff for a small sum; and the plaintiff filed a motion to set aside the verdict on the grounds that on all the evidence the damages were inadequate; were grossly inadequate; were inadequate, against the evidence, the weight of the evidence, and the special findings of the answers to the questions propounded by the court; that the verdict was contrary to the law given to the jury; that incompetent and prejudicial testimony injurious to the plaintiff was wrongfully admitted in evidence; that the jury was wrongfully permitted to construe the contract of sale, to receive evidence upon the question whether it embodied all the agreements of the parties, and to receive evidence that there had been breaches of express and implied warranties not contained in the contract alleged to have been made in prior talks of the parties; that the verdict relating to damages was against the evidence and the weight of the evidence under the instructions of the court; and that expert testimony relating to the analysis of the coal had been wrongfully admitted for various purposes set out.

The motion was argued and taken under advisement. Within two days thereafter and before any decision by the judge, the plaintiff filed requests for rulings of law upon the motion for new trial. The defendant objected to the filing and consideration of the requests. No request for leave to file requests was made at the hearing. The trial judge declined to consider these requests; stating that the motion was heard on June 14, 1922, that no request was made at that time for leave later to file requests for rulings of law, that these requests were not presented to him until June 16, 1922, and that he, therefore, declined to consider them. He denied the motion for the new trial. The plaintiff excepted to the refusal to grant the motion, and also to the refusal to consider the requests.

The refusal to grant a new trial is not open to exception. It is addressed to the discretion of the trial judge, and no

exception lies unless there is a plain abuse of judicial discretion. No abuse appears here. Most of the grounds alleged for the new trial were matters of law which could have been, and some of which were, raised and dealt with at the trial. Such questions cannot be raised by motion to set aside the verdict and grant a new trial. *Loveland* v. *Rand*, 200 Mass. 142, and cases cited at page 144.

Any new matter of law arising upon the motion for new trial may be matter of exception. G. L. c. 231, § 113. *Boyd* v. *Boston Elevated Railway*, 224 Mass. 199, at page 202. No such matter was raised at the hearing on the new trial, leading to a ruling there to which objection was made and exception taken.

The exception to the refusal to consider the requests filed two days after the completion of the hearing must be overruled. The judge was not bound to consider them. They were filed too late. *McDonnell, petitioner*, 197 Mass. 252, does not govern here. There, the requests were filed in the course of the hearing and before its close. Here, the hearing was closed two days before the requests were filed.

*Exceptions overruled.*