Newton Construction Company *vs.* West and South Water Supply District of Acton (and a companion case[1]).

Middlesex.    February 7, 8, 1950. — June 29, 1950.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Practice, Civil,* Exceptions: whether error harmful, what questions open; Ordering verdict; Special question to jury. *Error,* Whether error harmful. *Evidence,* Admitted without objection. *Pleading, Civil,* Declaration.

The admission of certain testimony was harmless, and exceptions thereto must be overruled, where it appeared that without objection substantially the same testimony from the same witnesses either had been previously admitted or was subsequently admitted.

A declaration in an action of contract, alleging that the plaintiff had performed part of the work under a contract with the defendant for the laying of water mains and was ready, able, and willing to perform the rest, but that the defendant had refused to carry out the contract, "Wherefore the plaintiff has sustained the loss of the fair value of . . . work rendered and has suffered other damage and loss to the damage of the plaintiff," was to be treated as based on breach of the contract and not upon quantum meruit.

A motion that a verdict for the defendant be ordered in an action for breach of a contract was properly denied where a breach was proved and the plaintiff therefore was entitled to nominal damages, even though proof of substantial damages was lacking.

Exceptions to action by a trial judge in receiving and recording a verdict for the plaintiff in an action and in ordering a verdict for the defendant in a cross action on the basis of the jury's answers to special questions submitted to them without objection and in conjunction with a charge to which no exception was taken did not raise in this court the propriety of the special questions, and where the action of the judge was correct on the basis of the answers the exceptions must be overruled.

Answers to special questions in an action and cross action for breach of a contract, to the effect that the defendant in the original action (plaintiff in the cross action) had broken the contract and that the defendant in the cross action (plaintiff in the original action) had not broken it, disposed of all material issues of fact in the cross action and required that a verdict for the defendant be ordered therein.

[1] The companion case is by West and South Water Supply District of Acton against Newton Construction Company and another.

Two ACTIONS OF CONTRACT. Writ in the first action in the Superior Court dated November 22, 1947; writ in the second action in the District Court of Newton dated January 10, 1948.

Upon removal of the second action to the Superior Court, the actions were heard by an auditor and thereafter were tried before *Baker*, J.

*A. W. Wunderly*, for West and South Water Supply District of Acton.

*P. S. Ratzkoff*, for the defendant Employers' Liability Assurance Corporation, Limited.

*D. C. Kadra*, for Newton Construction Company.

SPALDING, J. These are two actions of contract which were tried together. In one the Newton Construction Company, hereinafter called the contractor, seeks to recover for breach of contract against the West and South Water Supply District of Acton, hereinafter called the district. The other action arises out of the same contract and is brought by the district against the contractor and the surety on its performance bond. The latter will hereinafter be referred to as the bonding company. Both cases come here on exceptions taken by the district.

On September 4, 1946, as the successful bidder, the contractor (with the bonding company as surety) entered into a contract with the district for the laying of water mains in Acton. Work under the contract was begun seasonably, but as it progressed difficulties were encountered. In excavating, the contractor uncovered a corduroy road which had to be removed. A greater amount of ledge than had been estimated had to be removed. Peat was also encountered. A controversy arose as to whether the contract called for the removal of the corduroy road and the peat, and the replacement of the latter by washed gravel, the position of the contractor being that these should be paid for as extras. With the exception of one payment in the amount of $31.63, the district made no payments to the contractor for extras. On December 19, 1946, the contractor quit the job and through its attorney presented a claim to the dis-

trict for breach of the contract. At that time it had completed about fifty per cent of the work called for by the contract. On January 3, 1947, pursuant to a vote, the district notified the contractor that since it had not lived up to the terms of the contract it was to do no further work under it and that the district would complete the work and charge the cost of completion to the contractor. By the terms of the contract the work should have been completed on November 5, 1946, at which time not more than thirty per cent had been finished.

The cases were referred to an auditor whose findings were not to be final. The auditor found for the district in the action in which it was the defendant. In the action in which the district was plaintiff the auditor found that the district was entitled to recover from the contractor $8,-618.33 and from the bonding company the penal sum of the bond, $8,702. Thereafter the cases were tried to a jury on the auditor's report and other evidence. At the close of the evidence the district, in the action in which it was defendant, moved for a directed verdict. Subject to its exception the motion was denied. The judge then, without objection, submitted two special questions to the jury in conjunction with a charge on the merits. In the action against the district the question was, "Did the defendant, the West and South Water Supply District of Acton, breach the contract with the plaintiff, the Newton Construction Company, dated September 4, 1946?" In the action of the district against the contractor and the bonding company the question was, "Did the defendant, the Newton Construction Company, breach the contract with the plaintiff, the West and South Water Supply District of Acton, dated September 4, 1946?" The answer of the jury was "yes" to the first question and "no" to the second.

Upon the return of the foregoing answers the judge, in the action in which the district was plaintiff, directed a verdict for the contractor and the bonding company. The district excepted to this action and to the receiving and recording of the verdict. In the action in which the district

was defendant the contractor waived the first count of its declaration and the judge then charged on the issue of damages and the case was submitted to the jury on that issue on the second count. At the conclusion of this charge the district objected and saved its exception to the submission of the case "upon the [special] question" previously answered. The jury returned a verdict for the contractor in the amount of $1,573.20. The district moved that the verdict be not received or recorded upon the ground that the basis on which it was founded was insufficient. To the denial of this motion the district excepted.

During the trial the district saved several exceptions to rulings on evidence. These exceptions fall into two groups. The first arises from rulings which permitted one Cheserone, an engineer employed on the job by the contractor, to testify that in his opinion suitable back fill could have been obtained at places nearer than Littleton and that peat could have been used for back fill.[1] The short answer to these exceptions is that substantially the same evidence came in later from the same witness without objection. There was no prejudicial error. *Runels* v. *Lowell Sun Co.* 318 Mass. 466, 469–470.

The other group of exceptions challenges the correctness of rulings which permitted witnesses to testify to statements made by those who allegedly had no authority to bind the district. Specifically, the district now urges as reversible error (1) the admission of a conversation in which one Howard (one of the members of the engineering firm named in the contract to act for the district) was said to have stated that an allowance as an extra would be made for the special back fill obtained in Littleton; (2) Howard's statement to Cheserone to the effect that he need not worry about the matter of extension of time or penalty, for it would be taken care of; and (3) the direction by the board of selectmen of Acton in the presence of the water commission to use certain material for fill. These exceptions must also

---

[1] There was evidence that the engineer for the district had insisted on washed gravel being used for back fill which could only be obtained in Littleton.

326 Mass. 171                                        175

Newton Construction Co. *v.* West & South Water Supply District of Acton.

be overruled. The substance of the statements referred to in (1) and (2) had already been received in evidence without objection through the same witness. With respect to (3) it appears that the evidence objected to came in later through the same witness without objection. The district, therefore, has failed to show that it was harmed by these rulings.

The contractor's case was submitted to the jury on the second count of its declaration, the first count (account annexed) having been waived. The second count is not skilfully drawn. After alleging that the plaintiff had performed work under the contract and was ready, able and willing to perform all that the contract called for, and that the defendant had refused to carry out its terms, it concluded as follows: "Wherefore the plaintiff has sustained the loss of the fair value of its work rendered and has suffered other damage and loss to the damage of the plaintiff as contained in its writ." The auditor and the judge treated this as a count for breach of contract, and we do likewise. The unnecessary averment as to the loss of the fair value of its work may be treated as surplusage. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298, 299. At the close of the evidence the district moved for a directed verdict "for the reason that there is no evidence of damages sustained by reason of a breach of contract but solely evidence of the fair value of the work and materials supplied, and because there is a variance in relation to count 2 between the allegations and the proof." This motion was denied subject to the district's exception. The gist of the district's argument in support of the motion is that the plaintiff showed only the value of extras furnished rather than damages for breach of contract. It is true that the only evidence introduced bearing on damages related to extras.[1] We are of opinion that there was no error in the denial of the motion. The plaintiff was at least entitled to nominal damages for the breach of contract. *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass.

---

[1] This evidence consisted of the following items: $568 expended for extra materials, $750 for extra equipment, and $1,100 for the extra work attributable to the corduroy road.

626, 629. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 655. Furthermore, even if the declaration would not permit a recovery for extras, the situation is one where an amendment would be appropriate, the case having been fully tried. *Pizer* v. *Hunt,* 253 Mass. 321, 330–332. *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 55–56. *Coburn* v. *Moore,* 320 Mass. 116, 123–124. G. L. (Ter. Ed.) c. 231, §§ 51, 125.

The district saved no exception to the submission of the special questions to the jury. It excepted, however, to the action taken by the judge on the basis of the jury's answers to these questions. Thus it excepted to the direction of a verdict for the contractor and bonding company in the case in which the district was plaintiff, and it excepted to the receiving and recording of the verdict in the case in which the contractor was plaintiff. The district contends that these exceptions permit it to raise the issue of the propriety of these questions. While recognizing the power in general of the court to submit special questions to the jury, the district argues that the questions here were improper because they permitted the jury to decide matters not within their province, namely, questions of law. Specifically, it is urged that it was error to allow the jury to determine what constituted a breach of contract. Of course, neither by a special nor by a general verdict has a jury any right to decide questions of law. *Commonwealth* v. *Anthes,* 5 Gray, 185. *Whittaker* v. *Brookline,* 318 Mass. 19, 23–24. That function belongs exclusively to the court. But on this record the question now sought to be raised is not open. The district did not object to the special questions when they were submitted (as was done in the *Whittaker* case) and no exceptions were taken to that method of dealing with the cases. The questions were submitted at the time of, and in conjunction with, the charge. Indeed, the charge was to a considerable extent adapted to the questions. The questions and the charge were linked together. Not only were there no objections or exceptions to either the questions or the charge but, so far as appears, no requests for in-

structions were presented. The judge had the right therefore to assume that the method of dealing with the cases which he had adopted was not open to the objection now urged. The exceptions now pressed are a belated and indirect attempt to challenge the charge. Had the answers to the questions been favorable to the district we have little doubt that it would have insisted that the disposition of the cases be grounded on them. Having been content with the manner in which the cases were submitted, the district is now in no position to complain and must abide by the result. See *M. McDonough Co.* v. *Lennox*, 248 Mass. 421, 423–424. In resting our decision on the ground just discussed we are not to be understood as intimating that the questions in themselves were improper.

The exception to the action of the judge in directing a verdict for the contractor and the bonding company in the action in which the district was plaintiff must be overruled. The answers to the special questions afforded a basis for such action inasmuch as they disposed of all of the material issues in the cases. *Stone* v. *Orth Chevrolet Co. Inc.* 284 Mass. 525, 528. *Palumbo* v. *DiMare*, 299 Mass. 212, 215.

*Exceptions overruled.*