*Western District*

### ALARIC J. DUMAIS
v.
### DOMINICK LAINO

*Present*: Hobson, J. (Presiding) & Garvey, J.

Case tried to *Sloan, J.* in the District Court of Springfield. No. 151814.

Argued: April, 1962—Decided: July, 1962

*Garvey, J.* In this action of contract the plaintiff seeks to recover damages in Count 1, on *quantum meruit* for labor, and in Count 2 for breach of contract. The defendant pleaded a general denial, payment, breach of contract, and that the work was not done in a good and workmanlike manner. After a trial the court found for the plaintiff on Count 1 and assessed damages in the amount of $500.00, and found for the defendant on Count 2. Requests for rulings were not filed by either party and no special findings of fact were made. The case comes to us by a report requested by the defendant, who claims to be aggrieved by the denial of his motion for a new trial and to the denial of certain of his requests for rulings filed at the hearing on that motion.

From the report of material evidence the court could have found that the parties entered into a written contract on October 27, 1954. By its terms the plaintiff was to do certain carpentry work on a home being constructed by the defendant for which he was to be paid $1800.00. The plaintiff did part of the work called for by the contract in a good and workmanlike manner. On November 8, 1954, after doing some of the work he was paid $400.00 "on account". On December 10, 1954, without fault on his part, he was ordered off the job by the defendant.

After notice of the finding the defendant duly filed a motion for a new trial on the grounds that the finding was against the law and weight of the evidence, and that the

damages awarded were excessive and in error.*

At the hearing on this motion, the defendant filed sixteen requests for rulings twelve of which, in a memorandum accompanying the denial of the motion, the court disregarded "because they deal with matters that should have been raised at the trial". Three of the requests were denied, the judge stating in his memorandum "because I find that the plaintiff did not completely perform the contract in strict accordance with its terms because he was ordered off the job by the defendant but did furnish labor and materials in good faith to the value of $500.00 for which he has not been paid".

No action, apparently by oversight, was taken by the judge on the remaining request, so it is to be considered denied. *Hogan v. Coleman,* 326 Mass. 770, 772.

Examination of these requests indicate that the issues of law attempted to be raised by them could have properly been raised at

---

*A second motion for a new trial was filed on the same day on the grounds of newly discovered evidence. This, and two subsequent motions for a new trial filed late and without permission, need not concern us as no claim of a report was made to their denial. *M. McDonough Co. v. Lennox,* 248 Mass. 421, 426. They present no question of law, *Reasonable Homes Corp. v. Goodman,* 343 Mass. 780, and should not have been made part of the report.

the trial. As *Hobson, J.* of this Division recently said in *Kelliher v. Tydall,* Central District Court of Worcester, #120171:

> "Our Supreme Court has said in the case of *Hallett v. Jordan Marsh Company,* 240 Mass. 110, 112, 'A question of law which might have been saved at the trial on the merits cannot be raised as a matter of right on a motion for a new trial.' It was also said in *Ryan v. Hickey,* 240 Mass. 46, 48, 'The judge may as a matter of discretion permit to be raised on a motion for a new trial questions of law which might also have been raised at the trial on the merits. But this cannot be done by a party as a matter of right.' In the instant case the trial justice permitted questions of law which might also have been raised at the trial on the merits to be raised at the hearing on the motion for a new trial. We do not, however, favor this practice."

See also *Vengrow v. Grimes,* 274 Mass. 278, 280.

One of the four requests claimed the court was in error in not deducting the $400.00 paid on account from the award of $500.00. The judge's memorandum in which he stated the value of the plaintiff's work and material to be "$500.00 for which he has not been paid" clearly indicates that he considered and gave credit for the part payment of $400.00 in his determination of damages. There was sufficient evidence, as shown by the report, to warrant this finding.

The other three requests, in substance,

requested rulings that the court having found for the defendant on the breach of warranty count was required to find for the defendant on the *quantum meruit* count. There was no inconsistency. The judge adopted the correct principles of law. In *Di Vito v. Uto,* 253 Mass. 239, on similar facts, the court said at page 242:

> "If the owner unjustifiably breaks a special contract for the erection of a building, under such circumstances that the contractor is justified in abandoning it before completion, the contractor may recover the full value of what he has supplied, whether services or materials. If the contract has been completely performed, the contractor may recover the full contract price on a count on the contract. If it has been substantially performed with the intention on the part of the contractor completely to perform, he may recover upon a quantum meruit, but not on a count on the contract".

See also *Monast v. Brodeur,* 329 Mass. 767. Denying or granting a motion for a new trial is discretionary and no abuse of discretion has been shown. *Cohen v. Peterson,* 320 Mass. 315, 316; *Hartmann v. Boston Herald-Traveler Corp.,* 323 Mass. 56, 60.

There was no prejudicial error. The report is to be dismissed.

L. Kerlinsky, of Springfield, for the Plaintiff.
M. Albano, of Springfield, for the Defendant.