*Municipal Court of the City of Boston*

# No. T-30843

## DOMENIC PAPARO

### v.

## CONSUMER'S FINANCIAL SERVICES, INC.
### and another[1]

Argued: June 13, 1975. Decided: October 27, 1975.

---

[1] General Accident Group

Present: Canavan, J., (Presiding), Doerfer, J.

**Canavan, J.** This is an action of contract in contract in which the plaintiff seeks to recover on Count I of the declaration against the defendant General Accident Group (hereinafter called "General") under a motor vehicle liability insurance policy issued by it to the plaintiff and on Count II of the declaration against the defendant Consumer's Financial Services, Inc. (hereinafter called "Consumer's") for an alleged failure to make a timely reinstatement of the plaintiff's motor vehicle insurance coverage. The answer is a general denial, payment and a denial of timely payment.

*At the trial there was evidence tending to show that* Consumer's held the plaintiff's note of December 28, 1972. The note provided in part that:

"Upon failure to pay any installment when due . . . the entire unpaid balance shall become immediately due and payable and the holder may forthwith effect

the cancellation of any of said policies. The maker hereby irrevocably appoints the holder the maker's true and lawful attorney to execute and deliver all documents and perform all acts necessary or appropriate to effect cancellation of the policies and to collect, receive and receipt for any return premium . . . which amounts shall be applied toward satisfaction of this note rendering any surplus to the person entitled thereto".

The plaintiff defaulted on the payments of his note, Consumer's exercised its power of attorney and on or about April 17, 1973 sent the plaintiff a cancellation notice effective May 11, 1973. On May 11, 1973 Consumer's sent a cancellation notice in a form prescribed by the Registry of Motor Vehicles to said Registry and a like notice to insurer General and to the plaintiff. In these notices the plaintiff's first name Domenic is spelled "Dominic"; no middle initial appears; the last name and address is stated correctly; the registration number is stated accurately; the reason given for cancellation was "default of payment in premium finance contract"; the effective date of cancellation given was "May 11, 1973" and in the space calling for the policy number the word "unknown" appeared. The Registry of Motor Vehicles under date of May 11, 1973, sent written notice of revocation of registration to "Dominic Paparo a/o Domenic L. Paparo, 28 Hull Street, Boston, Massachusetts." The notice stated accurately the registration number of the plaintiff's motor vehicle and the name of the insurer. The plaintiff denied receiving a copy of this revocation from the Registry. On May 17, 1973, Consumer's received from the plaintiff payment in full by a check dated May 2, 1973 and on the same day Consumer's requested reinstatement of the cancelled coverages from General. The request for reinstatement was not accepted by General who refunded a return premium of $186.55 on said policy to Consumer's on or about August 15, 1973. On October 29, 1973 the plaintiff suffered damages to his motor vehicle which would have been

covered under the policy, in the amount of $1,106.00. He notified General of said accident and for the first time learned that his policy of insurance had never been reinstated. Consumer's returned to the plaintiff the return premium of $186.55 by check dated November 7, 1973. On December 11, 1973 the plaintiff commenced this action in contract. On December 17, 1973 the plaintiff cashed the return premium check that he received from Consumer's.

On November 27, 1974 the Registry of Motor Vehicles, in written notices addressed to Dominic Paparo, 28 Hull Street, Boston, Massachusetts, and General, ruled that the notice of cancellation to become effective on May 11, 1973 was incorrect because notice was sent in the name of Dominic Paparo, whereas the name in the Registry application read Domenic L. Paparo and that it would be necessary to forward another notice of cancellation. These notices contained the correct registration number of the plaintiff's motor vehicle.

The defendant Consumer's filed 7 requests for rulings and the trial justice acted on them and made the following findings of fact:

"I find that the insurance policy of the plaintiff with the defendant General Accident Group (hereinafter called General) was effectively cancelled on May 11, 1973. I find that this cancellation was never annulled by the defendant, General. I therefore treat the defendant General's requests for rulings as waived and find for the defendant General on Count I of the plaintiff's declaration.

"I find that upon receiving notice of default dated April 17, 1973 and effective May 2, 1973[2] in installment insurance premiums, the plaintiff, Paparo, on May 2, 1973 sent to the defendant Consumer's Financial Services, Inc., (hereinafter called "Consumer's"),

_____
2 Actually May 11, 1973.

a check in full payment of the unpaid premiums which was received by Consumer's on May 17, 1973. Thereafter the defendant, Consumer's, sent to the defendant General on May 17, 1973 a request for reinstatement which was received by the defendant General, after expiration of the grace period. G.L. c. 90, §34K. G.L. c. 255C, §31. The defendant, General, on or about August 15, 1973 sent to the defendant, Consumer's, the amount of unearned premium totalling $185.55. This money Consumer's accepted under a power of attorney granted it by the plaintiff. Subsequent to the acceptance, on October 29, 1973, the plaintiff was involved in an accident whereby his motor vehicle was damaged in the amount of $1,106.

"The plaintiff sought reimbursement for his damage from defendant, General, and was then notified for the first time that his policy of insurance had never been reinstated. On November 7, 1973 the plaintiff received a check representing unearned premium from defendant, Consumer's, in the amount of $186.55 which the plaintiff cashed.

"On November 27, 1974, the Registry of Motor Vehicles ruled that Notice of Cancellation dated May 11, 1973 was incorrect because notice was sent in the name of Dominic Paparo whereas application read Domenic L. Paparo.

"Original notice from Registry dated May 11, 1973 reads Dominic Paparo a/o Dominic L. Paparo. Both original notice and invalidation notice of Registry purport to refer to vehicle bearing Mass. Reg. No. 2H0497, which is the registration number of the vehicle involved in the case at bar.

"I find that by virtue of the contractual relationship between the plaintiff and the defendant Consumer's, the defendant was obligated either to secure the reinstatement of the insurance coverage on the plaintiff's motor vehicle or, in the alternative, to notify the plaintiff seasonably that he was without insurance coverage. This obligation the defendant breached."

The court found for the plaintiff [against Consumer's] on Count II of his declaration.

The defendant Consumer's claims to be aggrieved by the court's rulings on requests numbered 4, 6 and 9.[3]

The requests for rulings raise the following three questions:

(1) Whether at the time of the plaintiff's loss, his policy of insurance issued by General, was in full force and effect.

(2) Whether the determination by the Registrar of Motor Vehicles that a notice of cancellation is not in compliance with the provisions of G.L. c. 175, sec. 113A(2) invalidated such a notice of cancellation.

(3) Whether the acceptance and cashing of a check for a return premium by the plaintiff, estopped him from bringing this action.

The trial justice was right in finding that the plaintiff's policy of insurance issued by General was cancelled on May 11, 1973 and was not in full force and effect at the time of the plaintiff's loss.

---

3 "4. That at the time of plaintiff's loss, his policy of insurance issued by the defendant General Accident & Life Assurance Corp. was in full force and effect.

RULING: Denied.

"6. The determination by the registrar that a notice of cancellation is not in compliance with the provisions of G.L. c. 175, sec. 113A(2) invalidates such a notice of cancellation.

RULING: Granted. I find, however, that the notice of cancellation did comply with the provisions of the General Laws relating to cancellation of registration.

"9. The acceptance and cashing of a check for a return premium by the plaintiff estopps the plaintiff from claiming that the cancellation which gave rise to the return premium was improper.

RULING: Denied. The plaintiff is not claiming proper [sic] cancellation."

G.L. c. 90, §34-O made effective January 1, 1972 provided for compulsory property protection for all registered motor vehicles in the Commonwealth, thereby making the requirements prescribed by G.L. c. 175, §113A(2) applicable to the method of cancellation in the instant case.

G.L. c. 175, §113A(2) provides in part:

"that said cancellation shall not become effective unless the company or an insurance premium finance agency duly licensed under the provision of chapter two hundred and fifty-five C has, immediately upon the intended effective date of the cancellation of the policy, whether proposed by the company or by the insured, forwarded to the Registrar of Motor Vehicles a notice, in such form as he may prescribe, containing such information to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled." The requirement that notice be given in such form as the Registrar of Motor Vehicles may prescribe is to make possible that he gets the information he requires so that he is informed that the insurance on a particular automobile registration is intended to be cancelled. *Gulesian v. Senibaldi*, 289 Mass. 384, 387 (1935).

The defendant Consumer's relies on the *Gulesian case* in support of its argument that the notice of cancellation was not effective in the instant case. The case at bar is distinguishable from that case. In that case a notice of a proposed cancellation of a policy of compulsory motor vehicle liability insurance, sent to the insured and to the Registry of Motor Vehicles by the insurer, was held not to satisfy the requirements of G.L. c. 175, §113A(2) and not to have been effective to cancel the policy, in that the last name of the insured in the policy was "Senibaldi", while the name stated in the notice was "Senebaldi" and the registration number of the motor vehicle covered by the policy was not stated in the notice. The court said at page 387: "the necessity of giving the name accurately

spelled is apparent in the absence of giving the registration number." From its language the court indicated that the notice of cancellation required by the statute would have been proper had the registration number been given in spite of the misspelling of the last name.

In the case before us, the notice of cancellation contained the correct motor vehicle registration number; the specific reason for cancellation; the name of the insurer; the effective date of cancellation; the date of the notice and the correctly spelled last name and address of the assured. While the first name of the assured was misspelled in the notice; i.e. Domenic was spelled Dominic, and the name did not conform to the registry records in that the middle initial was omitted and did not contain the policy number, we think that the requirements of the statute have been met and the notice contained sufficient information to apprise the Registrar of the particular motor vehicle registration on which the insurance company intended to cancel the insurance.

We agree with the trial justice in his disposition of request number 6 which asked the court to rule that "the determination by the registrar that a notice of cancellation is not in compliance with the provisions of G.L. c. 175, §113A(2), invalidates such a notice of cancellation". After granting the request, the justice added, "I find, however, that the notice of cancellation did comply with the provisions of the General Laws relating to cancellation of registration". It is apparent from the justice's ruling of this request that he meant that the determination made by the Registrar of Motor Vehicles on the notice of cancellation was binding only on the Registry of Motor Vehicles and not on the

court. In the matter before the court, the question of whether a notice of cancellation complied with the provisions of the statute raised a question of law and was properly a function of the court to determine. *Hawes Electric Co. v. Angell,* 332 Mass. 190, 192 Mass. 190, 192 (1955); *Newton Constr. Co. v. West & South Water Supply District,* 326 Mass. 171, 176 (1950).

■■. The court was not bound by the decision of the Registrar of Motor Vehicles and could make its own determination after finding facts and applying the law. This it did and found that the notice of cancellation met the requirements of G.L. c. 175, §113A(2).

■■. The court acted properly in denying request number 9. The acceptance and cashing of the check representing a return premium did not estop the plaintiff from bringing this action. There was no evidence reported that the plaintiff's action in cashing the check induced the defendant to do anything different than it would have done, to its detriment, and thus the doctrine of estoppel is not applicable. *McLearn v. Hill,* 276 Mass. 519, 524 (1931); *DeSisto's Case,* 351 Mass. 348 (1966).

■■. Acceptance and cashing of a check which is not offered in satisfaction of a disputed claim, as this check was not, does not amount to a compromise and settlement. *Dedham Lumber Co. v. Hartung,* 278 Mass. 488 (1932). At the time the plaintiff cashed the check he had already commenced an action against Consumer's and General and the matter was pending in court. There was no error by the trial justice when he considered the check as *pro tanto* payment and deducted it from the total damages sustained by the plaintiff as a result of his accident. **Report dismissed.**