ANTHONY A. CENTOLA *vs.* EDWARD J. DRISCOLL & another. June 9, 1976. 1. We do not think the plaintiff suffered any substantial harm from the question put to him on cross-examination as to whether either of two named physicians who had treated the plaintiff had mentioned to him the possibility of a bone spurring in his neck. The question was answered in the negative. The two immediately following questions were of similar import; both were asked without objection and answered in the same way. See and compare *Davis* v. *Hotels Statler Co. Inc.* 327 Mass. 28, 29-30 (1951). 2. An entry made by one of the plaintiff's physicians in a relevant hospital record already in evidence distinctly suggested the possibility that the plaintiff had malingered following the accident, and the judge did not abuse his discretion in allowing the plaintiff to be cross-examined concerning the income payments which he had received under his policy of indemnity insurance providing for such payments in the event of his becoming disabled. *McElwain* v. *Capotosto,* 332 Mass. 1, 2-3 (1954). The judge instructed the jury, both when the evidence was admitted and in his charge, that their consideration of the evidence was limited to the question whether the plaintiff's disability had been prolonged by reason of his receipt of the insurance payments and that they could not consider such payments on the question of the total amount of damages to which the plaintiff might be entitled. Compare *Nassif* v. *Smith, ante,* 814 (1976). It is not argued that there was error in any of the instructions given. 3. The plaintiff also objected to three out of a series of questions put to him on cross-examination which improperly insinuated that one Manino (a former associate of the plaintiff who was not called as a witness by any party) was in a position to contradict the plaintiff's testimony concerning the extent and duration of his physical disability following the accident. One of the questions was objected to on a ground other than the one now argued. The other two were not objected to until after they had been answered; in neither case was there a motion to strike the question or the answer. All three questions were directed to the amount of damages which the plaintiff might have sustained. The usual explanation of a verdict for a defendant in a motor vehicle tort case is that the jury refused to find liability on the part of the defendant. (In his charge the judge instructed the jury that "you don't get to the question of damages unless liability is established.") We have reviewed with care the portions of the transcript which have been reproduced in the appendix. We are not persuaded that the verdicts are

Rescript Opinions.

to be explained by any or all of the three questions. See G. L. c. 231, § 119, as appearing in St. 1973, c. 1114, § 202.

*Judgment affirmed.*

*Usher A. Moren (Jura Strimaitis* with him) for the plaintiff.
*Philip L. Sisk (Michael P. Marnik* with him) for the defendants.